IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SELECT MEDICAL CORPORATION | : | |
| d/b/a REGENCY HOSPITAL COMPANY, | : | Civil Action No. |
| | : | 5:11-CV-406 (CAR) |
| Plaintiff, | : | |
| | : | |
| SHARON F. ALLEN, | : | |
| | : | |
| Defendant. | : | |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

Currently before the Court is Plaintiff's Motion for Default Judgment [Doc. 8]. On October 11, 2011, Plaintiff Select Medical Corporation d/b/a/ Regency Hospital Company (the "Hospital") filed a Complaint against Defendant Sharon F. Allen asserting claims for breach of contract, unjust enrichment, conversion, punitive damages, and attorney's fees and costs. The Hospital seeks to recover amounts and interest Defendant owes for medical treatment, services, and supplies Defendant received while a patient at the Hospital. Defendant was served with process, but she failed to answer or respond.

At Plaintiff's request, the Clerk of Court entered a default against Defendant on April 20, 2012. On August 2, 2012, the Hospital moved for default judgment. Defendant has not appeared or filed a response, and the time for doing so has passed. For the reasons set forth below, Plaintiff's Motion [Doc. 8] is **GRANTED IN PART, as**

1

**to liability only.** As discussed below, the Court will hold a **HEARING on damages** on November 29, 2012 at 3:00 p.m., in Courtroom D of the William A. Bootle Federal Building, Third Floor, Macon, Georgia.

## DISCUSSION

### A. Default Judgment Standard

Prior to obtaining a default judgment, the party seeking judgment must first seek an entry of default.[1] Plaintiffs have satisfied this requirement. The mere entry of default, however, does not mandate the entry of a default judgment. Instead, the Court must find a sufficient basis in the pleadings for judgment to be entered.[2] A default is not an admission of liability, but it is an admission as to the well-pleaded facts in the complaint, and the defendant may not challenge those facts on appeal.[3] Once a court determines that default judgment should be entered, the court must then determine the amount and character of the recovery for which a sufficient basis is asserted in the complaint.[4]

---

[1] Fed. R. Civ. P. 55(a).
[2] *Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.)
[3] *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).
[4] *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

In considering any default judgment, the Court must examine (1) jurisdiction, (2) liability, and (3) damages.[5] In this case, the Court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The remaining considerations are discussed below.

**B. Liability**

In its Complaint, the Hospital alleges that it provided medical treatment, services, and supplies to Defendant from August 31, 2010, through October 5, 2010. On September 23, 2010, Defendant, through her daughter who was her representative, executed a Consent to Admission and Treatment, Authorization to Release Information and Assignment of Insurance Benefits (the "Contract"). Pursuant to the Contract, Defendant authorized and directed "any and all insurance companies . . . to make any and all payments due under [her] insurance policies . . . for treatment provided by the Hospital for application toward any outstanding balance owed to the Hospital for services rendered therein."[6] Moreover, Defendant irrevocably assigned and transferred the insurance benefits to the Hospital.[7]

The Hospital billed Defendant's insurance company, Blue Cross/Blue Shield ("BCBS"), for the medical treatment, services, and supplies provided to Defendant in

---

[5] *See Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353 (S.D. Ga. 2004).
[6] Compl., Ex. A, para. 8 [Doc. 1-1].
[7] *Id.* at para. 9.

the total amount of $76,331.82.[8]  The Hospital maintains that the charges were reasonable, customary, and medically necessary.  On November 9, 2010, BCBS issued check number 00012886169 in the amount of $54,250.00 to Defendant as partial payment for the medical treatment, services, and supplies the Hospital provided to Defendant (the "Check").

On November 11, 2010, the Hospital wrote Defendant and requested the Check be endorsed and sent to the Hospital as payment for the medical treatment, services, and supplies provided to her.[9]  Defendant never remitted the Check to the Hospital.  The total sum of $76,331.82, plus interest, remains due and owing to the Hospital for her treatment.

Based on the above allegations, Plaintiff brings claims for (1) breach of contract based on Defendant's failure to pay the Hospital for the medical treatment, services, and supplies she received; (2) unjust enrichment, based on Defendant's failure to pay; (3) conversion, based on Defendant's conversion of the Check; and (4) punitive damages based on the tort of conversion.  Plaintiff demands judgment against Defendant in the amount of $76,331.82 on the breach of contract and unjust enrichment claims; $54,250.00 on the conversion claim; punitive damages in an amount to be determined at trial; plus interest, attorneys' fees, and costs.

---

[8] Compl., Ex. B [Doc. 1-2].
[9] Compl., Ex. C [Doc. 1-3].

Under Georgia law, a party asserting breach of contract has the burden of pleading and proving (1) the subject matter of the contract, (2) consideration, and (3) mutual assent by the parties to all of the contract terms.[10] Once the party establishes a valid contract existed, "the elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complaint about the contract being broken."[11] The Court finds that the well-pleaded allegations of Plaintiff's Complaint set forth the required elements to establish Defendant's liability for breach of contract.[12] Because Plaintiff prevails on its breach of contract claim, its unjust enrichment claim fails. "'An unjust enrichment theory does not lie where there is an express contract.'"[13]

A party alleging the tort of conversion must "'show title to the property, possession by the defendant, demand for possession, and refusal to surrender the property, or an actual conversion prior to the filing of the suit. . . .'"[14] Where a defendant originally obtained lawful possession of property, the plaintiff must show actual conversion or demand for the property's return coupled with the defendant's

---

[10] O.C.G.A. § 13-3-1.

[11] *Duke Galish, LLC v. Manton*, 308 Ga. App. 316, 320, 707 S.E.2d 555, 559 (2011) (citation omitted).

[12] Because the Court grants default judgment as to the breach of contract claims, the Court does not need to consider Plaintiffs' alternative unjust enrichment and account stated claims. See Huddleston v. Smith, Civil Action No. 1:09-cv-03669, 2010 WL 1410556 (N.D. Ga. Mar. 30, 2010) (declining to reach alternative unjust enrichment claim after granting default judgment as to breach of contract claim).

[13] *Arko v. Cirou*, 305 Ga. App. 790 (2010) (alterations omitted) (quoting *Donchi, Inc. v. Robdol, LLC*, 283 Ga. App. 161 (2007)).

[14] *Stroman v. Bank of Am. Corp.*, 852 F. Supp. 2d 1366, 1379 (N.D. Ga. 2012) (quoting *Taylor v. Powertel, Inc.*, 250 Ga. App. 356 (2001)).

refusal to return the property.[15] Actual conversion means "any distinct act of dominion and control wrongfully asserted over another's personal property" in denial of or inconsistent with his right of ownership.[16] The Court finds that the well-pleaded allegations of Plaintiffs' Complaint also set forth the required elements to establish Defendant's liability for conversion. Because Plaintiff establishes liability for the tort of conversion, it is entitled to punitive damages if the evidence supports such an award.[17]

### C. Damages

Although the entry of default judgment is appropriate on Plaintiff's claims for breach of contract and conversion, the Court still has an obligation "to assure that there is a legitimate basis for any damage award it enters."[18] The Court may only award damages for default judgment without a hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation."[19] Thus, [d]amages may be awarded only if the record adequately reflects the basis for [the] award via a hearing or demonstration by detailed affidavits establishing the necessary facts."[20]

---

[15] *Id.*

[16] *Williams v. Nat'l Auto Sales, Inc.*, 287 Ga. app. 283 (2007).

[17] "Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b).

[18] *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

[19] *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985).

[20] *Id.* (citation omitted); *see also S.E.C. v. Smyth*, 420 F.3d 1225, 1232 (11th Cir. 2005) (noting that a hearing is not required "where all essential evidence is already of record").

On the record currently before the Court, Plaintiff has failed to adequately prove the damages it seeks.  For example, Plaintiff has failed to provide any admissible evidence establishing Defendant received and converted the Check issued by BCBS. Therefore, the Court will hold a hearing where Plaintiff will have the opportunity to prove the damages it seeks, including punitive damages, and bring evidence establishing attorneys' fees and costs incurred.[21]

## CONCLUSION

As explained herein, the Court **GRANTS**, **IN PART**, Plaintiff's Motion for Default Judgment [Doc. 8] **as to liability only**.  The Court will hold a **HEARING on damages** on November 29, 2012 at 3:00 p.m., in Courtroom D of the William A. Bootle Federal Building, Third Floor, Macon, Georgia.

**SO ORDERED**, this 21st day of November, 2012.

S/ C. Ashley Royal  
C. ASHLEY ROYAL, CHIEF JUDGE  
UNITED STATES DISTRICT COURT

SSH

---

[21] *See* Local Rule 54.1.