IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SELECT MEDICAL CORPORATION, d/b/a REGENCY HOSPITAL CO., | : : : |
| Plaintiff, | : : |
| v. | :  No. 5:11-cv-406 (CAR) |
| SHARON F. ALLEN, | : : : |
| Defendant. | : : |

## REPORT AND RECOMMENDATION

This case is before the Court for a Report and Recommendation on damages to be awarded upon the entry of default judgment. The parties appeared before the Court for a hearing on January 8, 2013. Based on the evidence presented at that hearing and the following findings of fact and conclusions of law, it is hereby **RECOMMENDED** that judgment be entered in favor of Plaintiff and that Plaintiff be awarded compensatory damages in the amount of $76,331.82, punitive damages in the amount of $54,250.00, and attorney's fees in the amount of $8,250.00, for a total judgment of $138,831.82.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

On November 21, 2012, the Court entered an order granting Plaintiff's motion for default judgment as to liability. (Doc. 9). Plaintiff, Select Medical Corporation, d/b/a Regency Hospital (the Hospital), brought claims in this action for breach of contract, unjust enrichment, and

1

conversion, arising from Defendant's failure to pay for medical treatment, services, and supplies provided to Defendant in 2010. The Complaint alleges that Defendant was admitted to the Hospital and received treatment between August 31 and October 5, 2010.

On September 23, 2010, Defendant's daughter, acting as Defendant's representative, signed a "Consent to Admission and Treatment, Authorization to Release Information, and Assignment of Insurance Benefits" (the Contract). In that Contract, Defendant assigned and transferred to the Hospital any insurance benefits or right to benefits for treatment provided by the Hospital. Defendant further agreed to be personally responsible for any outstanding balance in the event that insurance benefits were insufficient to cover the charges for treatment at the Hospital.

Following Defendant's release, the Hospital submitted a bill for services to Defendant's insurer, Blue Cross and Blue Shield of Georgia (BC/BS), in the amount of $76,331.82. On November 9, 2010, BC/BS issued a check in the amount of $54,250 as partial payment for the services provided. The check was sent to Defendant rather than to the Hospital, and was payable to Defendant.

The Hospital sent Defendant a letter, dated November 11, 2010, directing Defendant to forward payment to the Hospital immediately. The letter explained that Defendant would otherwise be personally liable for the full amount of her medical bills. Defendant did not reply to the letter. Rather than remit the check to the Hospital, Defendant endorsed the check and deposited the proceeds into an account at Bank of America on or about December 17, 2010. The Hospital never received any proceeds from the check or payment from Defendant.

On November 11, 2011, the Hospital filed the present action in this Court and sent a request for waiver of service to Defendant. When Defendant did not return a waiver of service,

the Hospital made service upon Defendant by delivering a copy of the Summons and Complaint via Federal Express. Federal Express records indicate that Defendant received and personally signed for the Summons and Complaint on December 23, 2011. Defendant did not file any answer to the Complaint or other responsive pleadings, and the Clerk of Court entered default on April 20, 2012.

After the Court entered judgment in favor of the Hospital as to liability, a hearing on damages was scheduled. Defendant was present at that hearing and represented by counsel. Defendant did not move to open the default or claim excusable neglect in her failure to respond to the Complaint. Based on the evidence submitted at that hearing and in connection with the Hospital's motion, it is recommended that the Hospital be awarded the following amounts:

1. <u>Damages for Breach of Contract</u>

In its order granting default judgment as to liability, the Court has already found that the Hospital is entitled to damages for Defendant's breach of a contractual duty to pay the Hospital for the services rendered in her treatment. The Hospital submitted its itemized bill, showing the cost of services to be $76,331.82. No evidence was presented to indicate that any of the services provided were not medically necessary or that the charges were unreasonable. As such, the Hospital is entitled to an award of damages in the amount of $76,331.82 on its breach of contract claim.

2. <u>Damages for Conversion</u>

The Court has also determined that the Hospital is entitled to damages for Defendant's conversion of the check to her own use, where the undisputed allegations in the Complaint show that Defendant obtained lawful possession of the check, that the Hospital had an immediate and unqualified right to possession of the check or to the proceeds of the check based on Defendant's

assignment, that the Hospital made a demand for the check, and that Defendant wrongfully converted the check to her own use. The measure of damages for conversion is simply the market value of the property at the time of the conversion (Community Bank v. Handy Auto Parts, Inc., 270 Ga. App. 640, 643 (2004)), which in this case is the face value of the check, $54,250. Because the check was intended as partial payment of the Hospital's bill, this amount is already included in the award of damages for breach of contract and is not additional to those damages.

3. Punitive Damages

Georgia law authorizes an award of punitive damages in a tort action, where "the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b). Punitive damages are not intended as compensation to a plaintiff, but "solely to punish, penalize, or deter a defendant." O.C.G.A. § 51-12-5.1(c).

In this case, the Hospital is entitled to punitive damages in connection with its conversion claim. In taking a check that was clearly and expressly intended to pay for her medical expenses, Defendant essentially committed a theft, acting willfully, wantonly, and with an entire lack of care for the rights of the Hospital and the obligations of her insurer.

Defendant did not present specific evidence "relevant to a decision regarding what amount of damages will be sufficient to deter, penalize, or punish the defendant in light of the circumstances of the case." O.C.G.A. § 51-12-5.1(d)(2). Nevertheless, given the plain wrongfulness of the conversion in this case, the Court can find that an award of punitive damages in an amount equal to the amount converted would be sufficient to punish willful

misconduct and to deter future conversion. Accordingly, it is recommended that punitive damages be awarded in the amount of $54,250.

    4.    <u>Attorney's Fees</u>

Attorney's fees are authorized in this case pursuant to O.C.G.A. § 13-6-11, which allows a plaintiff to recover expenses of litigation "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." The circumstances of this case indicate that Defendant acted in bad faith in converting a check that was clearly intended to be applied to her medical expenses and in refusing to pay any part of the Hospital's bill. The record further shows that Defendant was stubbornly litigious in refusing to respond to demands from the Hospital and in requiring the Hospital to pursue litigation even though she had no meritorious defense to the Hospital's claim.

In determining the amount of the fee award, the Court must multiply the number of hours reasonably expended by a reasonable hourly rate. <u>Loranger v. Stierheim</u>, 10 F.3d 776, 781 (11th Cir. 1994). The Court "may consider its own knowledge and experience concerning reasonable and proper fees and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." <u>Id</u>. (quoting <u>Norman v. Housing Authority of City of Montgomery</u>, 836 F.2d 1292, 1303 (11th Cir. 1988)).

Although the Hospital seeks compensation for attorney's fees at the rate of $395 per hour, that rate is not consistent with market rates in the Macon Division of the Middle District of Georgia. The reasonable hourly rate "must be determined with reference to prevailing market rates in the relevant community for 'lawyers of reasonably comparable skill, experience, and reputation.'" <u>Davis v. Locke</u>, 936 F.2d 1208, 1215 (11th Cir. 1991) (quoting <u>Blum v. Stenson</u>,

5

465 U.S. 886, 895 (1984)). In the Macon market, $250 per hour is a reasonable hourly rate for an experienced lawyer pursuing civil litigation in a collections matter.

The Hospital requests a fee award for 38.25 hours of attorney time. It appears, however, that some of the time claimed is not reasonable in light of the nature of this case. The following line items on the bill are in question:

| DATE | HOURS | WORK DESCRIPTION |
|---|---|---|
| 8/15/11 | 3.00 | Telephone conference . . . relating to Sharon Allen check disbursement; draft complaint |
| 8/18/11 | 1.00 | Review documents relating to Sharon Allen; draft complaint |
| 9/22/11 | 5.75 | Draft complaint |
| 9/23/11 | 2.00 | Telephone conference . . . regarding Sharon Allen; draft complaint |
| 10/07/11 | 4.75 | Finalize complaint and service forms |

(Doc. 12, p. 3). These entries indicate that the drafting of the complaint required somewhere between 10.50 and 16.50 hours of attorney time. The Complaint in this case is five pages long and sets forth two counts in twenty-eight numbered paragraphs. The facts alleged are not of exceptional complexity. Such a complaint should not have required more than four or five hours to draft. Accordingly, it is recommended that the Court award fees for only 33 of the requested 38.25 hours. At the rate of $250 per hour, for the 33 hours of time, the recommended fee award is $8,250.

**SO RECOMMENDED**, this 3rd day of April, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge